IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles Knecht, On Behalf of Himself And Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Charleston Place LLC., and Charleston Place Holdings Inc., DBA Charleston Grill by Belmond,<br><br>Defendants. | CIVIL ACTION NO.  2:17-cv-3460-PMD<br><br>COLLECTIVE<br>ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Charles Knecht, individually and on behalf of himself and all others similarly situated, alleges the following claims against the Defendants, Charleston Place LLC., and Charleston Place Holdings Inc., DBA Charleston Grill by Belmond pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

## NATURE OF CLAIM

1.  This is an action for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*,

2.  Plaintiff is a current employee of the Defendants. The Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all others similarly situated.

## JURISDICTION, VENUE AND PARTIES

3.  This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Mr. Knecht's claims under the FLSA.

1

4.      Venue in this District and in this Division, is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in the Charleston Division, the Defendants have extensive and deliberate contacts in the Charleston Division.

5.      Plaintiff Knecht is a citizen and resident of the State of South Carolina, County of Charleston.

6.      Defendant, Charleston Place LLC., is a for-profit limited liability corporation, incorporated in the state of Delaware, registered and in good standing with the South Carolina Secretary of State's Office.

7.      Defendant Charleston Place Holdings Inc., is a for-profit limited liability corporation, incorporated in the state of Delaware, registered and in good standing with the South Carolina Secretary of State's Office.

8.      Mr. Knecht is employed by Charleston Place LLC., and Charleston Place Holding Inc. doing business as Charleston Grill by Belmond, in the County of Charleston, State of South Carolina.

## FACTS

9.      At all times, relevant herein, Defendants own and operate the Charleston Grill by Belmond, (Charleston Grill) an up-scale restaurant serving "award winning Southern Cuisine" located within the Belmond Charleston Place Hotel at 224 King Street, Charleston, South Carolina 29401.  Belmond consist of "a global collection of 49 iconic hotels, trains and river cruises in 24 countries." https://www.belmond.com/about.

10.     Defendants are an international corporation that exercises operational control over Charleston Grill.  Upon information and belief, they are involved in the decisions or have delegated

the authority, to set the wages and pay, including the tip pool, for Plaintiff, as well as other employees working at the Charleston Grill, therefore, Defendants are liable to Plaintiff and other similarly situated employees.

11. At all times, relevant herein, Defendants employed Plaintiff and numerous other employees to work on their behalf in providing labor for their financial benefit.

12. Plaintiff Knecht has been employed by Defendants as a server from approximately October of 2012 until the present.

13. Plaintiff has an employment agreement with Defendants, whereby Plaintiff is paid an hourly rate plus tips for all hours worked.

14. Defendants paid Mr. Knecht, as well as other similarly situated servers, an hourly wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

15. Defendants paid Plaintiff $2.75 per hour.

16. Defendants violated the tip credit notice requirement of 29 U.S.C. § 203(m), because they did not inform Plaintiff, as well as other similarly situated servers, that they intend to treat tips as satisfying part of their minimum wage obligation.

17. Defendants also did not notify Plaintiff, as well as other similarly situated servers, regarding the provisions of their tip policy and the amount of the tip credit that it was taking.

18. Defendants failed to inform the Plaintiff, as well as other similarly situated servers, regarding the amount of tip pool contributions they would be required to make either before or after they were hired.

19. Defendants' have a mandatory policy requiring Plaintiff and other similarly situated servers, to redistribute a portion of their tips at the end of each shift into a mandatory tip pool.

20. The Defendants' mandatory tip pool consists of front severs, back servers, server assistants, hostesses, bartenders and food runners.

21. The front severs primary duties are to ensure that Charleston Grill's product and service standards are consistent with Leading Quality Assurance. (LQA). The Leading Hotels of the World, Ltd. through LQA, sets standards for the world's most prestigious hospitality organizations.

22. The front-severs, initially greet the customers, obtain their drink order, described the menu, and makes wine suggestions.

23. The back-server acts as a liaison between the Front Server and the guest. They are responsible for resetting the table, putting the appropriate silverware on the table for each course. The back-server is also responsible for the dessert presentation as well serving the dessert and after dinner drinks.

24. Plaintiffs works primarily as a front server because he is experienced, and knowledgeable in LQA standards. Occasionally, Plaintiff also works as back server.

25. The server assistants' primary responsibility is to fill water glasses, clear dirty plates, and bring food to the table.

26. Server assistants are paid less than minimum wage and sometimes work shifts without being paid any hourly wage.

27. The Defendants have a labor practice referred to as "staging" for cooks and server assistants. Staging is when a cook or server assistant works for free, with the objective that the Defendant will eventually hire them for a paid position. They are not paid an hourly wage, nor are they included in the tip pool.

28. The food runner position at the Charleston Grill varies from the typical food runner position in other restaurants. In most restaurants, food runners, as the name suggests, assist servers in running food from the kitchen to customers seated at the tables.

29. However, at Charleston Grill, the food runners do not have any direct interaction with the guests.

30. In fact, the food runners are specifically instructed not to bring plates to the table or approach customers because they do not have the proper training.

31. The food runners work primarily in the kitchen expediting food according to the cook's instructions.

32. Food runners require no training before they are scheduled to work. However, front severs, back servers, server assistants, hostesses, and bartenders are required to complete training. In addition to training, they are required to pass a written or verbal exam given by the General Manager or Dining Room Manager.

33. As a result of the Defendants' mandatory tip pool of requiring Plaintiff to share their tips with the food runners, the Defendants are violating the rights of the Plaintiff and numerous similarly situated employees by failing to pay them the federally mandated minimum wage of $7.25 an hour.

34. The food runners are not employees who "customarily and regularly" receive tips. They take plates to and from food stations and are rarely visible to the guests.

35. The food runners report to the chef. The chef advises the food runners when they have completed their shift and can clock-out.

36.     The Defendants regularly hire food runners from a staffing agency. The food runners hired through a staffing agency, are paid on or above the Federal Minimum wage of $7.25 an hour and are not included in the tip pool.

37.     The Plaintiff, as well as, similarly situated employees, do not redistribute their tips to food runners when they are hired by a staffing agency.

38.     However, food runners hired directly by the Defendants, and not through the staffing agency; were paid below the Federal Minimum wage of $7.25 an hour and were included in the tool pool.

39.     Food runners are only included in the mandatory tip pool when they are hired by the Defendants and not from a staffing agency.

40.     In addition to maintaining a policy that invalidates the tip credit scheme, Defendants also miscalculate the overtime rate for all servers who worked in excess of forty (40) hours per week.

41.     By law, when tipped employees paid pursuant to a tip credit scheme work overtime, the employer is to calculate the employees' overtime rate at one-and-a-half (1.5) times minimum wage not the lower direct wage payment of the tip credit scheme. 29 U.S.C. § 203(m).

42.     Plaintiff and similarly situated employees occasionally worked over forty (40) hours in a workweek without receiving proper overtime compensation.

43.     Plaintiff is paid $4.12 and hour when he works over forty hours.

44.     At all times relevant to this complaint, Plaintiff and other similarly situated employees are non-exempt employees for purposes of the overtime compensation provisions of the FLSA.

45.     Defendants' wage and labor policies are not in good faith or based upon a reasonable belief that they are not violating applicable laws.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act-Minimum Wage Claim)
(Individual and Collective Claim)

46. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

47. At all times, pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

48. At all times, relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00).

49. Alternatively, Plaintiff works in interstate commerce so as to fall within the protection of the FLSA. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

50. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

51. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily and regularly receive tips.

52. Plaintiff was required by Defendants to pool, or share, his tips with employees, who are not employees who customarily and regularly receive tips, therefore, the tip pool is invalidated.

53. When the tip pool is invalidated, the employer can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

54. Defendants have violated the FLSA, 29 U.S.C. § 203(m), 206, in disregard of the rights of Plaintiff and other similarly situated employees. As such, Plaintiff seeks to recover from Defendants the following damages: actual damages; liquidated damages of an equal amount; and

reasonable attorneys' fees and the costs and disbursements of this action.

## FOR A SECOND CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action

55. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

56. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

57. By law, when tipped employees paid pursuant to a tip credit scheme work overtime, the employer is to calculate the employees' overtime rate at one-and-a-half (1.5) times minimum wage not the lower direct wage payment of the tip credit scheme. 29 U.S.C. § 203(m).

58. Plaintiff and similarly situated employees occasionally worked over forty (40) hours in a workweek without receiving proper overtime compensation.

59. Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiff. As such, Plaintiff seeks to recover from Defendants the following damages: actual damages; liquidated damages of an equal amount; and reasonable attorneys' fees and the costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, seeks judgment against the Defendants as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b. Judgment against Defendants for an amount equal to Plaintiff and similarly situated employees' wages at the applicable hourly rate of $7.25;

c. An award of compensatory damages in an amount equal to the unpaid overtime compensation and minimum wages owed to Plaintiff and similarly situated employees pursuant to 29 U.S.C. § 216(b);

d. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

e. Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

f. An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

g. All such further relief as the Court deems just and equitable.

## **JURY DEMANDED**

Plaintiff Knecht on his behalf and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587
Fax (800) 385-8160 Fax
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

December 22, 2017
Mount Pleasant, South Carolina.