IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles Knecht, on Behalf of Himself<br>and Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>Charleston Place LLC., and Charleston<br>Place Holdings Inc., dba Charleston Grill<br>by Belmond,<br><br>    Defendants. | **JOINT MOTION FOR APPROVAL OF<br>SETTLEMENT AGREEMENT**<br><br>C.A. No.: 2:17-cv-3460-PMD |

## **INTRODUCTION**

Plaintiff Charles Knecht and opt-in Plaintiff Paul Shotts ("Plaintiffs") and Defendants Charleston Place LLC., and Charleston Place Holdings Inc., dba Charleston Grill by Belmond ("Defendants"), file this motion for approval of a settlement agreement, requesting that the Court approve the Parties' agreement and dismiss this case with prejudice. This motion is based upon the Settlement Agreement and Release of Claims ("Settlement Agreement") attached hereto as Exhibit A and all the files, records, and proceedings herein. The Parties agree that the terms set forth in the Settlement Agreement are fair and reasonable and that no hearing before the Court is needed or requested.

## **FACTUAL BACKGROUND**

Plaintiffs are former servers at the Charleston Grill by Belmond. Plaintiffs were employed at the Charleston Grill. Their job duties included taking orders from customers, delivering food and drinks to customers, and otherwise providing service to customers of the Charleston Grill.

On December 22, 2017, Plaintiff Knecht filed this lawsuit in the United State District Court for the District of South Carolina, Charleston Division, asserting claims for violation of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit").  Plaintiff Shotts joined the Lawsuit on or about February 12, 2018.  In this Action, Plaintiffs have asserted two claims under the FLSA.  The first is a minimum wage claim.  Plaintiffs allege that the tip pool they were required to participate in was invalid because food runners should not have been included in the tip pool; that it was unlawful for Defendants to claim the § 203(m) tip-credit; and thus that they are owed minimum wage for all hours worked.  The second claim was that Plaintiffs were not paid properly for overtime worked (i.e., that overtime was improperly calculated based on the lower direct wage payment under the tip-credit scheme rather than the full minimum wage).  Defendants deny these allegations and deny that Plaintiffs are owed any additional compensation by Defendants.

The Parties have engaged in ongoing settlement negotiations.  The Parties agreed to schedule a private mediation of this matter with the goal of reaching a global resolution of this dispute and release of all other claims.  Mediation was held on May 1, 2018, with labor and employment law specialist Eugene H. Matthews, Esq. in Charleston.  The Parties settled Plaintiffs' claims for $50,000, $16,000 of which represents attorney's fees, as set forth in Exhibit B.  The Parties now seek Court approval of the settlement.

During the course of settlement negotiations, Plaintiffs and Defendants have exchanged information regarding all wages paid to Plaintiffs by Defendants.  Additionally, both parties have investigated the merits of the tip pool by talking with food runners regarding their job duties. Plaintiffs' Counsel Marybeth Mullaney has litigated many FLSA cases and has significant experience in complex litigation in state and federal court.  Ms. Mullaney has been a practicing attorney for more than twenty-years and has the skills and expertise to adequately prosecute Plaintiffs' claims.  The Parties, through their respective counsel, have engaged in arms-length settlement negotiations.  The terms and conditions of settlement reflected in the Settlement

Agreement are a product of the Parties' negotiations and represent a fair and reasonable compromise of the disputed issues in this case. The Parties separately negotiated the issue of attorney's fees. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of continued litigation.

## **LEGAL ANALYSIS**

### 1. **Standard of Review**

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460-61 (4th Cir. 2007), *reinstating* 415 F.3d 364 (4th Cir. 2005) (discussing need for prior approval from court or United States Department of Labor of any waiver or release of FLSA claims).

Although the Fourth Circuit has not set forth specific guidelines for approval of a FLSA settlement, the Eleventh Circuit has, as explained in *Lynn's Food Stores*. A district court, when reviewing a proposed settlement of a FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1353, 1355. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA settlement:

1. Was the settlement achieved in an adversarial context?

2. Was the Plaintiff represented by attorneys who can protect her rights?

3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?

4. Is the settlement fair?

*Id.* at 1353-54.

### 2. A Bona Fide Dispute Under The FLSA Exists As To Liability

Plaintiffs are former servers for Defendants. The complaint alleges that the tip pool servers at the Charleston Grill were required to participate in was invalid because food runners should not have been included in the tip pool; that it was unlawful for Defendants to claim the § 203(m) tip-credit; and thus that they are owed minimum wage for all hours worked. Second, the complaint alleges that servers were not paid properly for overtime worked (i.e., that overtime was improperly calculated based on the lower direct wage payment under the tip-credit scheme rather than the full minimum wage).

Defendant vehemently disputes these contentions and maintains that the tip pool is valid and that Plaintiffs and others have been properly compensated for all hours worked. As part of its investigation into Plaintiffs' claims, Defendants interviewed current and former food runners to determine their job duties and extent of customer interaction. Thus, a bona fide dispute exists as to Defendants' liability under the FLSA.

### 3. The Settlement Is Fair And Reasonable

As the Parties' respective positions and the case law cited above demonstrate, Plaintiffs' probability of success is uncertain, and settlement of the action in favor of certainty is a fair and reasonable decision for Plaintiffs and Defendants. Here, Plaintiffs' attorney is fully aware of the factual contentions of her clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. Defendants produced payroll, timekeeping and

4

other documents to Plaintiffs' counsel during the course of settlement discussions, and Plaintiffs' counsel analyzed and thoroughly reviewed that information. The Parties have worked together through an experienced mediator to reach a final settlement amount that adequately compensates Plaintiffs for the alleged unpaid wages. Plaintiffs may get nothing if this case were to be dismissed at summary judgment or in the event of an adverse verdict at trial. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

## **CONCLUSION**

Thus, for the reasons discussed above, Plaintiffs and Defendants respectfully request that this Court enter an Order approving the Settlement Agreement and dismissing this case with prejudice.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted this 23RD day of May, 2018.

| ATTORNEYS FOR PLAINTIFFS | FOR DEFENDANTS |
|---|---|
| By: s/ *Marybeth Mullaney.* <br> Marybeth Mullaney (Fed. Bar No. 11162) <br> Email: marybeth@mullaneylaw.net <br><br> MULLANEY LAW <br> 321 Wingo Way, Suite 201 <br> Mount Pleasant, SC  29464 <br> Phone: (843) 849-1692 <br> Facsimile: (843) 385-8160 | By: *s/T. Chase Samples* <br> T. Chase Samples (Fed. Bar No. 10824) <br> Email: chase.samples@jacksonlewis.com <br> Emily K. O'Brian (Fed ID: 12207) <br> Email: emily.obrian@jacklewis.com <br><br> JACKSON LEWIS P.C. <br> 15 South Main Street, Suite 700 <br> Greenville, South Carolina  29601 <br> Phone: (864) 232-7000 <br> Facsimile: (864) 235-1381 |