# EXHIBIT A

05/15/2018 12:04 FAX 8476202045    JUDSON UNIV LIBRARY    ☒001/009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles Knecht, on Behalf of Himself and Others Similarly Situated,<br><br>Shotts,<br><br>v.<br><br>Charleston Place LLC., and Charleston Place Holdings Inc., dba Charleston Grill by Belmond,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.: 2.17-cv-3460-PMD<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is entered into as of the first date shown below, by and among PAUL SHOTTS ("Shotts") and CHARLESTON PLACE LLC and CHARLESTON PLACE HOLDINGS, INC. d/b/a CHARLESTON GRILL BY BELMOND ("Defendants").

WHEREAS, Shotts is a former employee of Charleston Place, LLC; and

WHEREAS, Shotts joined a lawsuit against Defendants styled *Charles Knecht v. Charleston Place LLC and Charleston Place Holdings, Inc. d/b/a Charleston Grill by Belmond*, Case No. 2:17-cv-3460-PMD, which is currently pending in the United States District Court for the District of South Carolina (Charleston Division) (the "Lawsuit"); and

WHEREAS, Shotts through the above-referenced Lawsuit alleged that he was owed additional wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"); and

WHEREAS, Defendants deny any wrongdoing in connection with Shotts' employment and separation from employment; and

05/15/2018 12:05 FAX 8476282045          JUDSON UNIV LIBRARY                    ☒002/009

WHEREAS, Shotts and Defendants wish to avoid further litigation and settle and resolve all controversies between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned as follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by reference.

2. **GENERAL RELEASE OF ALL CLAIMS.**

    a. This Agreement shall constitute a waiver and release of all claims Shotts has or might have under federal, state or local law against the Releasees (as defined below).

    b. Shotts shall withdraw, in writing, all actions or proceedings that Shotts has filed against the Releasees in any forum, if any.

    c. Shotts hereby knowingly and voluntarily releases and forever discharges Defendants; and their parents, predecessors, successors, assigns, subsidiaries, and affiliates; and their past, present and future directors, officers, shareholders, members, employees, agents, attorneys, and insurers (collectively, the "Releasees"); of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Shotts has or might have as of the date of execution of this Agreement, including, but not limited to, any claims arising out of or in any way connected with Shotts' employment with any of the Releasees or the termination thereof. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under: The Fair Labor Standards Act, as amended; The Age Discrimination in Employment Act, as amended; Title VII of the Civil

05/15/2018 12:05 FAX  8476282046         JUDSON UNIV LIBRARY                    ☒ 003/009

Rights Act of 1964, as amended; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan); The Immigration Reform and Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Older Worker Benefits Protection Act, as amended; The Worker Adjustment and Retraining Notification Act, as amended; The Occupational Safety and Health Act, as amended; The Family and Medical Leave Act, as amended; The Sarbanes-Oxley Act of 2002; The Equal Pay Act; The Genetic Information Nondiscrimination Act of 2008; South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, et seq., as amended; South Carolina Genetic Information Privacy Act, S.C. Code Ann. § 38-93-10, et seq., as amended; South Carolina provision re personnel action based on use of tobacco products outside of workplace, S.C. Code Ann. § 41-1-85, et seq., as amended; South Carolina provisions regarding retaliation/discrimination for filing of a worker's compensation claim, S.C. Code Ann. § 41-1-80, et seq., as amended; South Carolina Wage Payment and Work Hour Laws, as amended, including S.C. Code Ann. § 41-10-10, et seq.; South Carolina Occupational Safety and Health Act, S.C. Code Ann. § 41-15-10, et seq., as amended; South Carolina provisions regarding military leave and reemployment rights, including S.C. Code Ann. § 25-1-10, et seq., as amended; South Carolina Illegal Immigration Reform Act, S.C. Code Ann. § 41-8-10, et seq.; South Carolina Illegal Aliens and Private Employment Act, as amended; any claim for wrongful termination in violation of public policy, breach of contract, promissory estoppel, or any other statutory, common law, or equitable claim under South Carolina law; any other federal, state or local civil or human rights law; or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law claim; or any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

05/15/2018 12:06 FAX 8476282045    JUDSON UNIV LIBRARY    ☒004/009

      d.      If any claim is not subject to release, to the extent permitted by law, Shotts waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any claim in which any of the Releasees identified in this Agreement is a party.

      3.      **SETTLEMENT SUMMARY**.

      a.      Provided: (i) Shotts delivers to counsel for Defendants the original of this Agreement signed by Shotts; (ii) Shotts delivers to counsel for Defendants W-9 forms executed by Shotts and by Mullaney Law; and (iii) the Court approves the Joint Motion for Approval of Settlement in Case No. 2:17-cv-3460-PMD; then, in consideration of the matters set forth herein, Defendants (or their designee) shall pay to Shotts and his counsel the total gross amount of Twenty Two Thousand Dollars ($22,000) (hereinafter the "Settlement Sum") within ten (10) business days of the Order approving the Joint Motion for Approval of Settlement. The Settlement Sum shall be paid as follows:

- $7,000, made payable to PAUL SHOTTS, as and for wages allegedly due to PAUL SHOTTS pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue PAUL SHOTTS;

- $7,000, made payable to PAUL SHOTTS, as liquidated damages for which an IRS Form 1099 shall issue PAUL SHOTTS;

- $8,000, made payable to Mullaney Law, as payment of attorneys' fees incurred in connection with Shotts' claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Shotts and Mullaney Law.

      b.      Defendants agree to pay the full mediator's fee from the mediation held between the Parties on May 1, 2018.

      c.      Shotts understands and acknowledges that Shotts would neither be entitled to nor receive the consideration specified in this paragraph except for Shotts' execution of

05/15/2018 12:08 FAX  8476282045              JUDSON UNIV LIBRARY                    ☒005/009

this Agreement, including the General Release contained herein, and Shotts' fulfillment of the promises contained herein.

        d.      Defendants make no representation as to the taxability of the amounts paid to Shotts. Shotts agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Shotts agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Shotts or Shotts' attorneys under the terms of this Agreement.

    4.    **AFFIRMATIONS.**

        a.      Shotts affirms that other than Case Number 2:17-cv-3460-PMD, Shotts has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against any of the Releasees in any forum or form. Shotts further covenants not to sue, and waives all rights to file any action, in or before any federal, state, or local court against Releasees for claims arising under, or in any manner associated with any relationship with Defendants, which involve any events up to and including the date this Agreement is executed. Except as prohibited by law, in the event that any such claim is filed, it shall be dismissed with prejudice upon presentation of this Agreement, and Shotts shall reimburse Defendants for any costs, including attorneys' fees, of defending any such action. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Shotts agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies. In addition, nothing in this Agreement, prohibits Shotts from: (1) reporting possible violations of federal law or regulations, including any possible

05/15/2018 12:08 FAX 8476282045          JUDSON UNIV LIBRARY                    ☒006/009

securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the U.S. Congress, or any agency Inspector General; (2) making any other disclosures that are protected under the whistleblower provisions of federal law or regulations; or (3) otherwise fully participating in any federal whistleblower programs.

    b. Shotts affirms that he has no known workplace injuries or occupational diseases for which Shotts has not already made a claim, has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act, and has not been retaliated against for taking such leave.

    c. Shotts affirms that all of the Releasees' decisions regarding Shotts' pay and benefits through the date of Shotts' execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

    d. Shotts affirms that as of the date he signs this Settlement Agreement, Shotts is not Medicare eligible (*i.e.*, is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, *etc.*). Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Shotts under this Settlement Agreement, Shotts agrees to indemnify, defend and hold Defendants harmless from any action by the CMS relating to medical expenses of Shotts. Shotts agrees to reasonably cooperate with Defendants upon request with respect to any claim the CMS may make and for which Shotts is required to indemnify Defendants under this

05/15/2018 12:07 FAX 8476282045          JUDSON UNIV LIBRARY                    ☒007/009

Section. Further, Shotts agrees to waive any and all future actions against Defendants for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

    e. Shotts agrees and recognizes that his relationship with Defendants has been permanently and irrevocably severed. Shotts hereby understands and agrees that he may not be re-employed by Defendants or any of its related entities in the future and that Shotts will never knowingly apply to Defendants or any of its related entities for any job or position in the future. Shotts agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Defendants or any of its related entities, the offer may be withdrawn and Shotts may be terminated without notice, cause, or legal recourse. Defendants agree to give Shotts a neutral job reference, consisting of dates of employment and position held, should a potential employer call for a job reference. Such inquiries should be directed to Defendants' office of human resources.

    f. Shotts agrees and understands that this Agreement shall become null and void in the event that the Court does not approve this Agreement.

    5. **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or any of the Releasees of any liability, unlawful conduct of any kind, or violations of the laws identified in paragraph 2 herein. Defendants specifically and categorically deny engaging in any wrongful act whatsoever.

    6. **AGREEMENT NOT TO PUBLICIZE.** Plaintiffs and their counsel agree not to publicize the terms of this Settlement Agreement, including on social media or to any news or other media outlet. Plaintiffs and their counsel agree not to share the terms of the Settlement Agreement with any current or former employee of Defendants.

7. **OPPORTUNITY TO REVIEW**. Shotts acknowledges that Shotts is aware that he is giving up all claims Shotts may have against Defendants and the Releasees. Shotts acknowledges that Shotts has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Shotts acknowledges that Shotts has consulted with Shotts' counsel-of-record, Marybeth Mullaney, prior to executing this Agreement. Shotts signs this Agreement voluntarily.

8. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **GOVERNING LAW**. This Agreement shall be governed by the laws of the State of South Carolina without regard to its conflicts of law provisions.

10. **ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement between Shotts and Defendants, and supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties. Shotts acknowledges that Shotts has not relied on any representations, promises, or agreements of any kind made to him in connection with Shotts' decision to sign this Agreement, except those set forth in this Agreement.

11. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is signed by all parties and which makes specific reference to this Agreement.

12. **EXECUTION IN COUNTERPARTS**. This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an

05/15/2018 12:07 FAX  8476282045     JUDSON UNIV LIBRARY                    ☒009/009

original. All the counterparts together shall constitute one and the same instrument. A copy of this Agreement shall have the same full force and effect as the original.

        SHOTTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHOTTS HAS OR MIGHT HAVE AGAINST RELEASEES.

        THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _May 15_, 2018      PAUL SHOTTS

                                                                                                                                                *Paul Shotts*

Dated: _5/18_, 2018      CHARLESTON PLACE LLC and CHARLESTON PLACE HOLDINGS, INC. d/b/a CHARLESTON GRILL BY BELMOND

                                                    By: _[signature]_
                                                   ITS: _G.M._

4841-1871-9333, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Charles Knecht, on Behalf of Himself )
and Others Similarly Situated, )
 )
            Plaintiff, )
 )
v. ) C.A. No.: 2:17-cv-3460-PMD
 )
Charleston Place LLC., and Charleston )
Place Holdings Inc., dba Charleston Grill )
by Belmond, )
 )
            Defendants. )
_____)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is entered into as of the first date shown below, by and among CHARLES KNECHT ("Knecht") and CHARLESTON PLACE LLC and CHARLESTON PLACE HOLDINGS, INC. d/b/a CHARLESTON GRILL BY BELMOND ("Defendants").

WHEREAS, Knecht is a former employee of Charleston Place, LLC; and

WHEREAS, Knecht filed a lawsuit against Defendants styled *Charles Knecht v. Charleston Place LLC and Charleston Place Holdings, Inc. d/b/a Charleston Grill by Belmond*, Case No. 2:17-cv-3460-PMD, which is currently pending in the United States District Court for the District of South Carolina (Charleston Division) (the "Lawsuit"); and

WHEREAS, Knecht through the above-referenced Lawsuit alleged that he was owed additional wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"); and

WHEREAS, Defendants deny any wrongdoing in connection with Knecht's employment and separation from employment; and

WHEREAS, Knecht and Defendants wish to avoid further litigation and settle and resolve all controversies between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by reference.

2. **GENERAL RELEASE OF ALL CLAIMS**.

    a. This Agreement shall constitute a waiver and release of all claims Knecht has or might have under federal, state or local law against the Releasees (as defined below).

    b. Knecht shall withdraw, in writing, all actions or proceedings that Knecht has filed against the Releasees in any forum, if any.

    c. Knecht hereby knowingly and voluntarily releases and forever discharges Defendants; and their parents, predecessors, successors, assigns, subsidiaries, and affiliates; and their past, present and future directors, officers, shareholders, members, employees, agents, attorneys, and insurers (collectively, the "Releasees"); of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Knecht has or might have as of the date of execution of this Agreement, including, but not limited to, any claims arising out of or in any way connected with Knecht's employment with any of the Releasees or the termination thereof. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under: The Fair Labor Standards Act, as amended; The Age Discrimination in Employment Act, as amended; Title VII of the Civil

Rights Act of 1964, as amended; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan); The Immigration Reform and Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Older Worker Benefits Protection Act, as amended; The Worker Adjustment and Retraining Notification Act, as amended; The Occupational Safety and Health Act, as amended; The Family and Medical Leave Act, as amended; The Sarbanes-Oxley Act of 2002; The Equal Pay Act; The Genetic Information Nondiscrimination Act of 2008; South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, et seq., as amended; South Carolina Genetic Information Privacy Act, S.C. Code Ann. § 38-93-10, et seq., as amended; South Carolina provision re personnel action based on use of tobacco products outside of workplace, S.C. Code Ann. § 41-1-85, et seq., as amended; South Carolina provisions regarding retaliation/discrimination for filing of a worker's compensation claim, S.C. Code Ann. § 41-1-80, et seq., as amended; South Carolina Wage Payment and Work Hour Laws, as amended, including S.C. Code Ann. § 41-10-10, et seq.; South Carolina Occupational Safety and Health Act, S.C. Code Ann. § 41-15-10, et seq., as amended; South Carolina provisions regarding military leave and reemployment rights, including S.C. Code Ann. § 25-1-10, et seq., as amended; South Carolina Illegal Immigration Reform Act, S.C. Code Ann. § 41-8-10, et seq.; South Carolina Illegal Aliens and Private Employment Act, as amended; any claim for wrongful termination in violation of public policy, breach of contract, promissory estoppel, or any other statutory, common law, or equitable claim under South Carolina law; any other federal, state or local civil or human rights law; or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law claim; or any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

    d.    If any claim is not subject to release, to the extent permitted by law, Knecht waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any claim in which any of the Releasees identified in this Agreement is a party.

### 3. SETTLEMENT SUMMARY.

    a.    Provided: (i) Knecht delivers to counsel for Defendants the original of this Agreement signed by Knecht; (ii) Knecht delivers to counsel for Defendants W-9 forms executed by Knecht and by Mullaney Law; and (iii) the Court approves the Joint Motion for Approval of Settlement in Case No. 2:17-cv-3460-PMD; then, in consideration of the matters set forth herein, Defendants (or their designee) shall pay to Knecht and his counsel the total gross amount of Twenty Eight Thousand Dollars ($28,000) (hereinafter the "Settlement Sum") within ten (10) business days of the Order approving the Joint Motion for Approval of Settlement. The Settlement Sum shall be paid as follows:

- $10,000, made payable to CHARLES KNECHT, as and for wages allegedly due to CHARLES KNECHT pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue CHARLES KNECHT;

- $10,000, made payable to CHARLES KNECHT, as liquidated damages for which an IRS Form 1099 shall issue CHARLES KNECHT;

- $8,000, made payable to Mullaney Law, as payment of attorneys' fees incurred in connection with Knecht's claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Knecht and Mullaney Law.

    b.    Defendants agree to pay the full mediator's fee from the mediation held between the Parties on May 1, 2018.

    c.    Knecht understands and acknowledges that Knecht would neither be entitled to nor receive the consideration specified in this paragraph except for Knecht's execution

of this Agreement, including the General Release contained herein, and Knecht's fulfillment of the promises contained herein.

        d.     Defendants make no representation as to the taxability of the amounts paid to Knecht. Knecht agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Knecht agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Knecht or Knecht's attorneys under the terms of this Agreement.

        4.    **AFFIRMATIONS**.

        a.     Knecht affirms that other than Case Number 2:17-cv-3460-PMD, Knecht has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against any of the Releasees in any forum or form. Knecht further covenants not to sue, and waives all rights to file any action, in or before any federal, state, or local court against Releasees for claims arising under, or in any manner associated with any relationship with Defendants, which involve any events up to and including the date this Agreement is executed. Except as prohibited by law, in the event that any such claim is filed, it shall be dismissed with prejudice upon presentation of this Agreement, and Knecht shall reimburse Defendants for any costs, including attorneys' fees, of defending any such action. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Knecht agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies. In addition, nothing in this Agreement, prohibits Knecht from: (1) reporting possible violations of federal law or regulations, including any possible

securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the U.S. Congress, or any agency Inspector General; (2) making any other disclosures that are protected under the whistleblower provisions of federal law or regulations; or (3) otherwise fully participating in any federal whistleblower programs.

  b. Knecht affirms that he has no known workplace injuries or occupational diseases for which Knecht has not already made a claim, has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act, and has not been retaliated against for taking such leave.

  c. Knecht affirms that all of the Releasees' decisions regarding Knecht's pay and benefits through the date of Knecht's execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

  d. Knecht affirms that as of the date he signs this Settlement Agreement, Knecht is not Medicare eligible (*i.e.*, is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, *etc.*). Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Knecht under this Settlement Agreement, Knecht agrees to indemnify, defend and hold Defendants harmless from any action by the CMS relating to medical expenses of Knecht. Knecht agrees to reasonably cooperate with Defendants upon request with respect to any claim the CMS may make and for which Knecht is required to indemnify

Defendants under this Section. Further, Knecht agrees to waive any and all future actions against Defendants for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

   e. Knecht agrees and recognizes that his relationship with Defendants has been permanently and irrevocably severed. Knecht hereby understands and agrees that he may not be re-employed by Defendants or any of its related entities in the future and that Knecht will never knowingly apply to Defendants or any of its related entities for any job or position in the future. Knecht agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Defendants or any of its related entities, the offer may be withdrawn and Knecht may be terminated without notice, cause, or legal recourse. Defendants agree to give Knecht a neutral job reference, consisting of dates of employment and position held, should a potential employer call for a job reference. Such inquiries should be directed to Defendants' office of human resources.

   f. Knecht agrees and understands that this Agreement shall become null and void in the event that the Court does not approve this Agreement.

   5. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or any of the Releasees of any liability, unlawful conduct of any kind, or violations of the laws identified in paragraph 2 herein. Defendants specifically and categorically deny engaging in any wrongful act whatsoever.

   6. **AGREEMENT NOT TO PUBLICIZE**. Plaintiffs and their counsel agree not to publicize the terms of this Settlement Agreement, including on social media or to any news or other media outlet. Plaintiffs and their counsel agree not to share the terms of the Settlement Agreement with any current or former employee of Defendants.

7. **OPPORTUNITY TO REVIEW**. Knecht acknowledges that Knecht is aware that he is giving up all claims Knecht may have against Defendants and the Releasees. Knecht acknowledges that Knecht has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Knecht acknowledges that Knecht has consulted with Knecht's counsel-of-record, Marybeth Mullaney, prior to executing this Agreement. Knecht signs this Agreement voluntarily.

8. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **GOVERNING LAW**. This Agreement shall be governed by the laws of the State of South Carolina without regard to its conflicts of law provisions.

10. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Knecht and Defendants, and supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties. Knecht acknowledges that Knecht has not relied on any representations, promises, or agreements of any kind made to him in connection with Knecht's decision to sign this Agreement, except those set forth in this Agreement.

11. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is signed by all parties and which makes specific reference to this Agreement.

12. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument. A copy of this Agreement shall have the same full force and effect as the original.

KNECHT IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. KNECHT ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.

KNECHT MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY KNECHT SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO T. CHASE SAMPLES AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO T. CHASE SAMPLES OR HIS DESIGNEE, OR MAILED TO T. CHASE SAMPLES, JACKSON LEWIS, P.C., 15 SOUTH MAIN STREET, SUITE 700, GREENVILLE S.C. 29601 AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER KNECHT SIGNS THIS AGREEMENT.

KNECHT AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

KNECHT FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS KNECHT HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: May 15th, 2018

CHARLES KNECHT

*[signature]*

Dated: _____, 2018    CHARLES KNECHT

_____

Dated: *5/18*, 2018    CHARLESTON PLACE LLC and CHARLESTON PLACE HOLDINGS, INC. d/b/a CHARLESTON GRILL BY BELMOND

By: *[signature]*

ITS: *G.M.*

4810-9705-0981, v. 1